# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WASHINGTON COUNTY WATER COMPANY, INC.,**<br>17575 Connecticut Road<br>Nashville, Illinois 62263<br><br>      Plaintiff,<br><br>vs.<br><br>**CITY OF SPARTA**,<br>112 West Jackson Street<br>Sparta, Illinois 62286<br><br>      Defendant. | CASE NO. |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND PRELIMINARY AND PERMANENT INJUNCTION
## (JURY TRIAL DEMANDED)

Plaintiff Washington County Water Company, Inc. (hereinafter "WCWC") states for its Complaint against Defendant City of Sparta ("Sparta") as follows:

### PARTIES, NATURE OF THE ACTION, JURISDICTION AND VENUE

1. WCWC is a non-profit rural water company established in 1979 to provide safe and potable water to residents, communities, and businesses in southern Illinois. WCWC's service territory includes portions of Washington, Randolph, St. Clair, Perry, Jackson, Jefferson and Franklin Counties.

2. WCWC's principal place of business is located at 17575, Nashville, Illinois, 62263, from which it oversees the distribution of over 360 million gallons of water annually to over five thousand customers.

3. WCWC is an obligor to the United States of America, Department of Agriculture,

Rural Development ("USDA"), formerly the Farmers Home Administration ("FmHA"), on certain indebtedness made pursuant to and authorized by the Consolidated Farm and Rural Development Act of 1961 ("the Act"). WCWC has been continuously indebted to the USDA since 1979.

4. Defendant Sparta is an Illinois municipal corporation located in Randolph County, Illinois.

5. This action is primarily based on Sparta's unlawful encroachment and attempted curtailment of WCWC's service area within Randolph County, Illinois. Title 7 U.S.C. § 1926(b) of the Act prohibits municipalities from curtailing or limiting water service provided or made available by any rural water association indebted to the USDA, during the term of such indebtedness.

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the United States Constitution. Jurisdiction is also vested pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

7. Venue is proper pursuant to 27 U.S.C. § 1391(b) since Sparta is located in this judicial district and the disputed territory and related infrastructure is located here.

## FACTS COMMON TO ALL CLAIMS

8. Since 1979, WCWC owns and operates a water distribution system to provide rural water services to residents and businesses in Washington County and the surrounding counties.

9. In furtherance of those services, WCWC is currently indebted to the FmHA/USDA and is a qualifying association under 7 U.S.C. § 1926(b) (hereinafter § 1926(b)). WCWC's federal indebtedness entitles it to protection from municipal encroachment under § 1926(b).

10. Title 7 U.S.C. § 1926(b) prohibits municipalities from exercising their powers to provide water supply services, and from placing conditions or restrictions on the service provided

2

by § 1926(b) organizations, when the exercise of that power would result in the curtailment or limitation of the service provided or made available by WCWC.

11. Currently, Sparta is planning a waterline extension to provide competing water service to the Village of Coulterville in Randolph County, Illinois. Coulterville is a current water customer of WCWC and has been since 1981.

12. Coulterville is within WCWC's federally protected service territory, and Sparta's efforts to serve Coulterville will curtail and limit the supply of water by WCWC in violation of § 1926(b). WCWC has made service available to Coulterville and can handle any additional water supply needs that Coulterville may have. Indeed, in project plans submitted to the Illinois Environmental Protection Agency, Coulterville acknowledges that the cost of additional infrastructure for a connection from Sparta would cost over $400,000 more than additional infrastructure related to expanding service from WCWC.

13. On June 15, 2020, WCWC informed Sparta of its federally protected right to serve Coulterville and requested that Sparta cease its efforts to serve the village. Sparta did not respond. On July 30, 2020, WCWC sent another letter to Sparta asserting its rights under § 1926(b) in a final attempt to avoid litigation. Sparta retained counsel and responded on August 6, 2020 but refused to cease its plan to extend water service to Coulterville, which will irreparably harm WCWC's federally protected service area.

## COUNT ONE
### Declaratory Judgment regarding WCWC's § 1926(b) Rights

14. WCWC incorporates by reference each allegation stated above.

15. Sparta is unlawfully attempting to extend its public water supply system into WCWC's service territory.

16. Sparta's actions violate 7 U.S.C. § 1926(b), which states:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any private franchise for similar service within such area during the term of such loan; nor shall the happening of such event be the basis of requiring such association to secure the franchise, license, or permit as a condition to continuing to serve the area by the association at the time of the occurrence of such event.

17. WCWC is an "association" within the meaning of 7 U.S.C. §1926(b), is indebted to FmHA/USDA, and, at all times material hereto, has provided, or made available, water service in the disputed territory.

18. Accordingly, WCWC is entitled to the rights, privileges and protections granted by 7 U.S.C. §1926(b).

19. Sparta's attempted water service within WCWC's service area curtails and limits the water service provided, or made available, by WCWC in violation of 7 U.S.C. §1926(b).

20. As there exists a dispute and actual controversy between the parties that cannot be resolved absent declaratory relief, WCWC is entitled to a judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the rights and legal relations of the parties as follows:

   a. That WCWC is an "association" within the meaning of 7 U.S.C. § 1926(b), is currently indebted to the FmHA/USDA, and, at all times material, has provided or made available water service to the subject territory;

   b. That WCWC is entitled to the rights, privileges and protections granted under 7 U.S.C. § 1926(b) during the term of the indebtedness; and

   c. That the action of Sparta and all those acting in concert with Sparta, in providing water service within WCWC's Service Territory will unlawfully curtail or limit WCWC's service in violation of 7 U.S.C. § 1926(b).

## COUNT TWO
### Violation of 42 U.S.C. § 1983

21. WCWC incorporates by reference each allegation stated above.

22. Sparta's encroachment into WCWC's federally protected service territory constitutes a deprivation of WCWC's rights under color of state law.

23. To establish a § 1983 violation, WCWC must show (1) that Sparta has deprived WCWC of a federal constitutional or statutory right (here under 7 U.S.C. § 1926(b)) or threatens to do so; and (2) that Sparta acted under color of state law when it deprived or threatened to deprive Sparta of its federal rights under § 1926(b). *E.g.*, *Lockridge v. Bd. of Trustees of Univ. of Arkansas*, 315 F.3d 1005, 1016 (8th Cir. 2003) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

24. WCWC has a federal right under § 1926(b) to be protected from any curtailment or limitation of the water supply services that WCWC has provided or made available.

25. Sparta's attempt to extend water service into WCWC's service territory constitutes a deprivation of WCWC's § 1926(b) rights as Sparta has curtailed and limited WCWC's supply of water service to Coulterville and its other customers.

26. Sparta's actions are conducted under color of state law by virtue of Sparta's status as a municipality and its actions under state law to annex land and serve customers within WCWC's service territory.

27. WCWC will suffer damages as a result of Sparta's unlawful encroachment in an amount yet to be determined.

## COUNT THREE
### Preliminary and Permanent Injunction

28. WCWC incorporates by reference each allegation stated above.

29. WCWC has demonstrated a strong likelihood of success on the merits.

5

30. Should Sparta continue its unlawful actions in violation of 7 U.S.C. § 1926(b), WCWC will suffer irreparable harm.

31. WCWC has no adequate remedy at law.

32. The issuance of a preliminary and permanent injunction will not cause substantial harm to Sparta or Coulterville.

33. Absent injunctive relief, Congress's purpose in enacting 7 U.S.C. § 1926(b) in the public interest will be thwarted. Title 7 U.S.C. § 1926(b) was enacted: (a) to encourage rural water development by expanding the number of potential users of such systems, thereby decreasing per-user costs and (b) to safeguard the viability and financial security of these associations and loans by protecting such associations from municipal encroachment.

34. WCWC is entitled to preliminary and permanent injunctive relief as follows:

   a) Enjoining Defendant Sparta from taking any further action to supply water to Coulterville; and

   b) Enjoining Defendant Sparta from taking any further action which will serve to curtail or limit the water service made available by WCWC to Coulterville and the surrounding territory in violation of 7 U.S.C. § 1926(b); and

   c) Enjoining Defendant Sparta from taking any further action in violation of the declaratory judgment granted herein.

## COUNT FOUR
**Constructive Trust – Customers in Dispute**

35. WCWC incorporates by reference each allegation stated above.

36. Any and all water lines, mains, meters, tanks, pump stations, valves, and other facilities owned or later constructed by Sparta and used to serve the disputed territory within WCWC's service territory must be declared to be held in constructive trust for the use and benefit of WCWC, and conveyed to WCWC as part of the equitable remedies sought by WCWC in this

case.

## JURY TRIAL DEMANDED

WCWC demands a jury trial as to all issues triable by jury.

**WHEREFORE**, WCWC requests the following relief:

1. Judgment in favor of WCWC on all claims for relief asserted herein;

2. Declaratory judgment in favor of WCWC pursuant to 28 U.S.C. §§ 2201 and 2202 as follows:

    a. That WCWC is an "association" within the meaning of 7 U.S.C. § 1926(b), is currently indebted to the FmHA/USDA, and, at all times material, has provided or made available water service to the disputed territory;

    b. That WCWC is entitled to the rights, privileges and protection granted under 7 U.S.C. § 1926(b) during the term of the indebtedness; and

    c. That the action of the Sparta, and all those acting in concert with Sparta, in attempting to provide water service in the disputed territory will unlawfully curtail or limit WCWC's service in violation of 7 U.S.C. § 1926(b).

3. Preliminary and permanent injunctive relief in favor of WCWC;

4. An award of damages in an amount to be determined at trial,

5. A judgment granting WCWC the equitable remedy of forfeiture by Sparta and/or any third-party owner of all water lines and other infrastructure built by Sparta and/or a third-party to provide water service to persons or entities within the service territory of WCWC.

6. An award to WCWC of its costs and attorney fees; and

7. Such other relief in law or in equity to which WCWC may be entitled.

          Respectfully submitted,

          /s/ Matthew A. Dooley
          O'TOOLE McLAUGHLIN DOOLEY &

        PECORA, CO., LPA
        Matthew A. Dooley (OH 0081482)
        Stephen M. Bosak, Jr. (OH 0092443)
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Telephone:  (440) 930-4001
        Facsimile:  (440) 934-7208
        Email:  mdooley@omdplaw.com
                    sbosak@omdplaw.com

*Counsel for Plaintiff Washington County Water Company, Inc.*