**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**WASHINGTON COUNTY WATER
COMPANY, INC.,**

**Plaintiff,**

**v.**

**CITY OF SPARTA,**

**Defendant.**

**Case No. 3:20-CV-1052-NJR**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Plaintiff Washington County Water Company, Inc.'s ("WCWC") Objection to Defendant City of Sparta's ("Sparta") Bill of Costs. (Docs. 52, 66). This Court entered judgment in favor of Sparta on September 28, 2022 (Doc. 49), and Sparta filed its Bill of Costs on October 11, 2022, seeking a total of $7,866.46 in costs (Doc. 50). WCWC filed an objection to the Bill of Costs on October 26, 2022 (Doc. 52), but asked the Court to stay any ruling until its direct appeal was resolved.

On August 8, 2023, the United States Court of Appeals for the Seventh Circuit affirmed this Court's entry of judgment in favor of Sparta (Doc. 64), and on October 4, 2023, WCWC renewed its objection to Sparta's Bill of Costs (Doc. 66). Sparta did not file a response.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Rule 54 creates a presumption in favor of the award of costs, and "the burden is on the non-prevailing party to overcome this presumption." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). Recoverable costs

under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920(1)-(6). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera*, 469 F.3d at 634.

**Deposition Costs**

WCWC first objects to the costs sought by Sparta for deposition transcripts. WCWC acknowledges that deposition transcripts are recoverable costs under 28 U.S.C. § 1920(2), but it asserts that Sparta's invoices exceed the permissible costs for such services. More specifically, WCWC argues that the Judicial Conference has set a maximum per page transcript rate of $3.65 for an original transcript and $0.90 for the first copy for ordinary transcripts. Sparta, however, seeks $4.40 per page for the original transcripts of Steve Fletcher and Lindsey Bowlin, P.E., and $3.25 per page for copies of the transcripts of Corey Rheinecker and Harry Harman, P.E.

The Court agrees that $4.40 per page for original transcripts and $3.25 per page for copies is excessive. While the Southern District of Illinois does not provide for per-page maximums in its Local Rules, at the time these depositions were taken, the Judicial Conference provided a maximum per-page rate of $3.65 for original transcripts and $.90 for

copies.[1] Thus, the costs of these transcripts shall be reduced from $2,475.70 to $1,604.70, a reduction of $871.00.

| Name | Quantity | Original Price | Original Total | Allowed Price | New Total |
|------|----------|----------------|----------------|---------------|-----------|
| Steve Fletcher | 182 pages | $4.40 | $800.80 | $3.65 | $664.30 |
| Lindsey Bowlin | 196 pages | $4.40 | $862.40 | $3.65 | $715.40 |
| Corey Rheinecker | 111 pages | $3.25 | $360.75 | $.90 | $99.90 |
| Harry Harman | 139 pages | $3.25 | $451.75 | $.90 | $125.10 |
| | | Total | $2,475.70 | Total | $1,604.70 |

WCWC also argues that certain costs charged by Veritext Legal Solutions ("Veritext") and Molnar Reporting Services, LLC ("Molnar"), with regard to their court reporting services, are not recoverable. WCWC asserts that the cost for a court reporter to copy exhibits that a party already possesses is not recoverable, nor are shipping and handling fees. WCWC further submits that the charges for rough drafts, "Veritext Virtual Primary Participants," "Litigation Package – Secure File Suite," and "Concierge Tech Support" should be stricken from the bill.

The Court agrees that Sparta is not entitled to recover fees charged by the court reporting services for copying exhibits. *See Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 456 (7th Cir. 1998) (party in possession of deposition exhibits was not allowed to recover the costs of making additional copies). WCWC asserts that Sparta was already in possession of these exhibits; therefore, the costs charged by Veritext and Molnar for copies are not

---

[1] On October 1, 2023, the rates increased to $4.00 per page for original transcripts and $1.00 for the first copy. *See* https://www.uscourts.gov/services-forms/federal-court-reporting-program (last visited Jan. 9, 2024).

recoverable. And, in its Bill of Costs, Sparta charges for the copies it produced of these exhibits. (Doc. 50-1). Thus, the Court grants WCWC's request and deducts $186.35 for the Veritext and Molnar exhibit copies.

With regard to recovering the cost of rough drafts, courts in this Circuit examine the necessity of the rough draft and whether it was produced solely for counsel's convenience. *See, e.g., Yates v. City of Chicago*, No. 18 C 2613, 2021 WL 6063862, at *2 (N.D. Ill. Dec. 22, 2021), *aff'd sub nom. Yates v. City of Chicago, Illinois*, 58 F.4th 907 (7th Cir. 2023) (defendant who did not have time to order transcript at regular rate and needed transcript on an expedited basis was entitled to cost of rough draft); *Split Pivot, Inc. v. Trek Bicycle Corp.*, 154 F. Supp. 3d 769, 774 (W.D. Wis. 2015) (finding the cost of rough drafts reasonable when considering the demanding schedule, the complexity of the case, and the more than 20 depositions that were scheduled); *DSM Desotech, Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2013 WL 3168730, at *4 (N.D. Ill. June 20, 2013) (sustaining objection to the cost of rough drafts when they were incurred solely for the convenience of counsel).

Here, Veritext produced one rough draft for the deposition of Steve Fletcher, WCWC's representative, and the total cost was $240.00. The Court notes that Fletcher's deposition was taken just eight days before the deposition of Sparta's representative, Corey Rheinecker. Given the short amount of time between the depositions, Sparta's need to prepare for the deposition of its representative, and the relatively reasonable cost of the rough draft, the Court finds that Sparta may recover this cost.

The Court also finds that Veritext's charge for electronic delivery and handling shall be allowed. Veritext charged $28.00 for electronic delivery and handling for the Fletcher and Bowlin depositions. Not only is the total charge of $56.00 reasonable, but the Seventh Circuit

has upheld the award of delivery charges as being incidental to taking depositions. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995).

Finally, with regard to the miscellaneous costs for "Veritext Virtual Primary Participants," "Litigation Package – Secure File Suite," and "Concierge Tech Support," Sparta has provided no explanation as to why these services were reasonable or necessary for the Fletcher and Bowlin depositions. The Court presumes that these charges are related to the virtual nature of the deposition; they were taken in July 2021 during the COVID-19 pandemic. But without a response from Sparta, the Court has no explanation as to "what the various charges in this category represent and why each was reasonably necessary to conducting a remote deposition." *Avanzalia Solar, S.L. v. Goldwind USA, Inc.*, No. 20 C 5035, 2023 WL 5804232, at *6 (N.D. Ill. Sept. 7, 2023); *see also Siwak v. Xylem, Inc.*, No. 19 C 5350, 2021 WL 5163289, at *2 (N.D. Ill. Nov. 5, 2021) (disallowing an unexplained $975 for "Concierge Technical Support" when neither the invoice nor the party's declaration explained why the "substantial expenditure on technical support services for a single deposition was reasonable or necessary"). Therefore, the Court will deduct an additional $1,736.00 from the deposition costs.

WCWC further asks the Court to deviate from the *maximum* rate for deposition transcripts and to take an additional 25% off the total deposition costs awarded. The Court declines to do so. In total, the Court deducts $2,793.35 from the requested costs.

### Expert Costs

WCWC also objects to the hourly rate of Sparta's expert, Harry D. Harman, P.E. Harman charged $390 per hour for his attendance at his deposition, which lasted five hours for a total of $1,950.00. WCWC argues that under Rule 26(b)(4)(E)(i), Sparta bears the burden

of demonstrating that the requested fee is "reasonable." Because it has not done so, WCWC

contends that Harman's hourly rate should be reduced to $185 per hour, the rate that he

charged for preparing for his deposition.[2]

Rule 26(b)(4)(E)(i) provides that the party who deposes an expert witness shall "pay

the expert a reasonable fee for time spent." Courts determining whether an expert's rate is

reasonable weigh:

> (1) the expert's area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party that retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*LK Nutrition, LLC v. Premier Rsch. Labs, LP*, No. 12 CV 7905, 2015 WL 4466632, at *4 (N.D. Ill.

July 21, 2015). The Seventh Circuit has indicated that "the best evidence of the market value

of legal services is what people pay for it," *i.e.*, what the party who retained the expert was

willing to pay. *Balcor Real Est. Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th

Cir. 1996).

Harman is a professional, licensed engineer with more than 44 years of engineering

design experience primarily in the potable water industry. (Doc. 20-7 at p. 3). He obtained a

Bachelor of Science in Civil Engineering from Purdue University before working for the

Indiana State Board of Health and the second largest investor-owned water utility in Indiana.

In 1983, Harman joined Baxter & Woodman Environmental Engineering, where he has

worked ever since.

---

[2] In total, Sparta seeks $2,505.00 for the cost of Harman's expert deposition.

Aside from Mr. Harman's qualifications, which were listed in his expert report, the parties have provided no context for whether the fee of $390 per hour for deposition testimony is reasonable or unreasonable. Neither party has provided comparable hourly rates for other experts in the field, precedent indicating whether a rate of $390 per hour is appropriate or excessive, or any substantial argument as to why the costs should be awarded or reduced. Thus, the Court turns to the "best evidence" of the value of Harman's services, which is the price that Sparta was willing to pay for them. For this reason, the Court awards the full amount of costs for Harman's expert services.

### Conclusion

For these reasons, the Court **SUSTAINS in part and OVERRULES in part** WCWC's Objection to Sparta's Bill of Costs. The Court **DEDUCTS** $2,793.35 from the requested costs of $7,866.46 for a total cost award of **$5,073.11.**

**IT IS SO ORDERED.**

**DATED:   January 11, 2024**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**